UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH A. PHILLIPS,            )
                              )
        Petitioner,           )
                              )
        v.                    )       C.A. No. 10-11954-PBS
                              )
GARY RODEN,                   )
                              )
        Respondent.           )


**ORDER**

December 22, 2010

Saris, U.S.D.J.

On November 5, 2010, Joseph A. Phillips filed a petition
under 28 U.S.C. § 2254 for a writ of habeas corpus in which he
challenges his 1991 convictions in Norfolk Superior Court for
assault with intent to rape and indecent assault and battery on a
child under fourteen years of age.  The petition was not served
pending resolution of the filing fee.[1]

The Court has since discovered that Phillips has already
brought a § 2254 petition challenging these convictions.  See
Phillips v. See Phillips v. Spencer, C.A. No. 06-10456-NMG.[2]  The
petition was dismissed as untimely, and the First Circuit denied
Phillips's request for a certificate of appealability.  See App.

———————————————

[1]Phillips's prison account statement indicates that $5.00
was taken from his account on November 3, 2010 and forwarded to
this Court in the form of a check.  The Court does not, however,
have a record of having received the check.

[2]See Rodi v. Southern New England Sch. of Law, 389 F.3d 5,
19 (1st Cir. 2004) (courts may take judicial notice of
proceedings in other relevant cases).

No. 07-1433 (1st Cir. Mar. 20, 2008). Less than a month before
Phillips filed the present petition, the First Circuit denied
Phillips's request for leave to file a second or successive
§ 2254 petition. See Phillips v. Clarke, App. No. 10-2131 (1st
Cir. Oct. 12, 2010).

Before "a second or successive application [under § 2254] is
filed in the district court, the applicant shall move in the in
the appropriate court of appeals for an order authorizing the
district court to consider the application." 28 U.S.C.
§ 2244(b)(3)(A). Where a litigant bringing a successive § 2254
petition has not complied with the requirements of
§ 2244(b)(3)(A), the district court is without jurisdiction to
entertain the merits of the petition. See Rodwell v. Pepe, 324
F.3d 66, 72-73 (1st Cir. 2003).

Under the Rules Governing Section 2254 Cases, "[i]f it
plainly appears from the petition and any attached exhibits that
the petitioner is not entitled to relief in the district court,
the judge must dismiss the petition . . . ." Rule 4 of the Rules
Governing Section 2254 Cases. Here, it is clear that, in the
absence of permission from the First Circuit to file this
petition, the Court is without jurisdiction to entertain the
petition and therefore cannot grant any relief.

Accordingly, the petition is dismissed as an unauthorized
second or successive § 2254 petition.

SO ORDERED.

 12/22/2010                          /s/ Patti B. Saris
DATE                                PATTI B. SARIS
                                    UNITED STATES DISTRICT JUDGE