```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

JOSEPH A. PHILLIPS,              )
                                 )
        Petitioner,              )
                                 )
        v.                       )    C.A. No. 10-11954-PBS
                                 )
GARY RODEN,                      )
                                 )
        Respondent.              )
```

## ORDER

April 11, 2011

Saris, U.S.D.J.

On November 5, 2010, Joseph A. Phillips filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus.  It appeared from the petition that he was challenging his 1991 convictions in Norfolk Superior Court for assault with intent to rape and indecent assault and battery on a child under fourteen years of age.  On December 22, 2010, the Court dismissed the petition as an unauthorized second or successive § 2254 petition and the case was closed.[1]

On January 17, 2011, Phillips filed a motion for reconsideration of the order of dismissal.  Phillips represents that he is challenging his sentences rather than his convictions.

---

[1] The Court screened the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, which requires a court to examine a petition, and if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition."  Rule 4.  The respondent was not served with the petition.

He claims his sentences should be served concurrently rather than consecutively.

It is unclear from the motion whether Phillips is challenging the execution of his sentences or the sentences themselves. If the sentences were imposed consecutively at the time of the sentencing, the present petition is still barred by the limitations on second and successive petitions. To challenge the sentence(s) through a § 2254 petition, Phillips must first seek and obtain permission from the First Circuit Court of Appeals to file the petition, even if he could have not discovered the factual predicate for his claim at an earlier time. See 28 U.S.C. § 2244(b)(3)(A).[2]

If, however, Phillips is challenging the execution of his sentence rather than the validity of the sentence, the present petition is not a "second or successive" petition. See Restucci v. Bender, 599 F.3d 8, 10 (2010) (where petitioner previously brought a petition challenging conviction, subsequent petition concerning denial of parole was not a "second or successive" petition); see also James v. Walsh, 308 F.3d 162, 168 (2d Cir. 2002) (petition alleging miscalculation of conditional prison release date was not "second or successive").

Given the lack of clarity on this point, the Court finds

---

[2]In his motion for reconsideration, Phillips represents that, prior to September 27, 2010, he did not know that he was to serve his sentences consecutively.

2

that it is in the interest of justice to reopen this case and receive a response from the respondent.

Accordingly:

(1) The motion for reconsideration (#7) is GRANTED.

(2) The order denying the petition (#5) and the order of dismissal (#6) are hereby VACATED.

(3) The Clerk shall reopen this case.

(4) The petitioner must, within 35 days, pay the $5.00 filing fee or file a motion for leave to proceed <u>in forma pauperis</u> with a prison account statement. Failure to comply with this order may result in dismissal of the action.

(5) A separate order of service will issue.

SO ORDERED.

| | |
|---|---|
| 4/11/2011 | /s/ Patti B. Saris |
| DATE | PATTI B. SARIS |
| | UNITED STATES DISTRICT JUDGE |