```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

JOSEPH A. PHILLIPS,              )
                                 )
        Petitioner,              )
                                 )
            v.                   )   C.A. No. 10-11954-PBS
                                 )
GARY RODEN,                      )
                                 )
        Respondent.              )
```

## ORDER

August 1, 2011

Saris, U.S.D.J.

Petitioner Joseph A. Phillips brings a petition under 28 U.S.C. § 2254 in which he challenges the sentences (or execution thereof) imposed for 1991 convictions in Norfolk Superior Court for assault with intent to rape and indecent assault and battery on a child under fourteen years of age. On May 25, 2011, the petition was served on the respondent. On June 7, 2011, the Court granted the respondent's motion to have until August 15, 2011 to respond to the petition.

On July 25, 2011, Phillips filed a motion for appointment of counsel, and, in support of his claim that he cannot afford counsel, a motion for leave to proceed in forma pauperis.

Under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, the Court may appoint counsel for a "financially eligible" habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In determining whether the interests of justice require the appointment of counsel, the Court must

examine the totality of the circumstances, focusing on whether the petitioner has presented a colorable claim, the complexity of the legal issues, the intricacy of any factual issues, and the petitioner's ability to represent himself.  See United States v. Guadalupe-Quinones, 65 Fed. Appx. 329, 333 (1st Cir. 2003); Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).  In addition, if the Court decides to conduct an evidentiary hearing on the petition, the interests of justice will require appointment of counsel.  See Rule 8(c) of the Rules Governing Section 2254 Cases ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Here, the interests of justice do not require the appointment of CJA counsel at this stage of the proceedings.  The respondent has not yet responded to the petition, and the time for doing so has not expired.  Without first reviewing the response to the petition, the Court cannot conclude that it is in the interest of justice to appoint counsel

Accordingly, the motions for appointment of counsel (#13) and for leave to proceed in forma pauperis (#14) are DENIED WITHOUT PREJUDICE.  Phillips may renew the motions after the respondent has replied to the petition.


    SO ORDERED.

| 8/1/2011 | /s/ Patti B. Saris |
|---|---|
| DATE | PATTI B. SARIS |
|  | UNITED STATES DISTRICT JUDGE |