UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH A. PHILLIPS,
        Petitioner,

        v.                                    CIVIL ACTION NO.
                                              10-11954-PBS
GARY RODEN,
        Respondent.

**REPORT AND RECOMMENDATION RE:
RESPONDENT'S MOTION TO DISMISS THE HABEAS
PETITION AS SECOND OR SUCCESSIVE
(DOCKET ENTRY # 16)**

**April 23, 2012**

**BOWLER, U.S.M.J.**

        Respondent Gary Roden ("respondent"), Superintendent of the

Massachusetts Correctional Institute in Norfolk, Massachusetts

("MCI-Norfolk"), moves to dismiss the above styled petition for

writ of habeas corpus filed pro se by petitioner Joseph A.

Phillips ("petitioner") pursuant to 28 U.S.C. § 2254 ("section

2254") as a second or successive petition under 28 U.S.C. §

2244(b) ("section 2244(b)") of the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA").  Petitioner, an inmate at

MCI-Norfolk, opposes the motion.  (Docket Entry # 19).

        The nature of the argument requires examining petitioner's

prior section 2254 petition, <u>Phillips v. Spencer</u>, 06-10456-NMG

("first federal habeas petition"), which challenged an August 24,

1992 conviction rendered in Massachusetts Superior Court (Norfolk

County) ("the trial court").  The First Circuit denied a

certificate of appealability ("COA") due to lack of a

"substantial showing of the denial of a constitutional right"
under 28 U.S.C. § 2253(c)(2) ("section 2253"). <u>Phillips v.
Spencer</u>, Court of Appeals Docket No. 07-1433 ("first COA
application"). Respondent's argument additionally entails
examining petitioner's September 2010 application to file a
second or successive petition in the First Circuit in <u>Phillips v.
Clarke</u>, Court of Appeals Docket No. 10-2131 ("second COA
application").

The current petition sets out 12 grounds for relief.[1]
Petitioner characterizes the petition as attacking three
sentences of nine to ten years imposed on September 9, 1996.
(Docket Entry # 1, pp. 1 & 4; Docket Entry # 7). Petitioner
likewise identifies September 9, 1996, in the second COA
application as the date of the conviction he seeks to attack.
(Docket Entry # 26, Ex. 1, p. 3). On September 9, 1996, an
Associate Justice of the trial court ("the motion judge") found
petitioner in violation of the terms and conditions of probation,
revoked a nine year term of probation and committed petitioner to
serve three suspended sentences originally imposed by the trial
court on August 24, 1992. (Docket Entry # 17, Ex. 12, pp. 25 &
36; Docket Entry # 19, Ex. 15).[2]

---

[1]   See footnotes 12 to 23.

[2]   The trial court's docket reflects September 9, 1996, as
the date the motion judge imposed the suspended sentences. The
transcript of the hearing identifies September 10, 1996, as the

On September 18, 1991, a grand jury returned indictments charging petitioner with one count of assault with intent to rape a child (Criminal No. 1991-92315) and three counts of indecent assault and battery on a child under the age of 14 (Criminal No. 1991-92316, 92317 and 92318).[3]  (Docket Entry # 17, Ex. 1, p. 9; Docket Entry # 17, Ex. 11, pp. 19-20).  The victim was the daughter of petitioner's second wife.  Commonwealth v. Phillips, 668 N.E.2d 361, 361 (Mass.App.Ct. 1996).

Petitioner initially pled not guilty to each offense. (Docket Entry # 17, Ex. 1).  On August 24, 1992, he changed his pleas to guilty.  (Docket Entry # 17, Ex. 1, p. 5).

At the August 24, 1992 change of plea hearing, an Associate Justice of the trial court ("the trial judge") accepted the guilty pleas and sentenced petitioner to 20 years at the Massachusetts Correctional Institute in Concord, Massachusetts ("MCI-Concord") on offense 92315.  At the same time, the trial judge sentenced petitioner to nine to ten years at the Massachusetts Correctional Institute in Cedar Junction, Massachusetts ("MCI-Cedar Junction") on each of the indecent

_____

date of the proceeding.

   [3] Consistent with the trial court's docket sheet, this court refers to the charges in the indictments respectively as offenses 92315, 92316, 92317 and 92318.  A fifth Indictment charging petitioner with possession of a controlled substance is not germane to these proceedings.

assault and battery on a child counts, i.e., offenses 92316,

92317 and 92318, to run concurrently with each other and after

completion of the 20 year sentence at MCI-Concord. (Docket Entry

# 17, Ex. 1, p. 5; Docket Entry # 17, Ex. 11, pp. 19-20). The

trial court then suspended the execution of the concurrent nine

to ten year sentences and placed petitioner on probation for nine

years to commence upon his release from the 20 year sentence at

MCI-Concord.[4] (Docket Entry # 17, Ex. 1, p. 5; Docket Entry #

---

[4] The relevant portion of the change of plea hearing
transcript reads:

> THE COURT: . . . With regard to Indictment 92315 charging
> assault with intent to rape, twenty years Concord.
>
> With respect to the three indictments alleging indecent
> assault and battery on a child under fourteen years of age,
> Indictments 92316, 92317 and 92318, concurrent sentences of
> nine to ten years at Cedar Junction, suspended for nine
> years *after* his release from Concord, during which time he
> will be on probation and will be subject to the following
> conditions: . . . ..

(Docket Entry # 17, Ex. 11, pp. 19-20) (emphasis added). The
three suspended sentences of nine to ten years were concurrent to
each other. Although petitioner submits the suspended sentences
did not run from and after the 20 year sentence, the motion judge
interpreted the suspended sentences in this fashion (Docket Entry
# 17, Ex. 12, p. 36) as did the Massachusetts Appeals Court ("the
appeals court"). Thus, in response to a reported question, see
Rule 5, Mass. R. App., the appeals court noted that petitioner:

> received three concurrent terms of not less than nine years
> and no more than ten years, to be served at the
> Massachusetts Correctional Institution at Cedar Junction
> after completion of his Concord sentence. Execution of
> those three concurrent terms was suspended, and a nine-year
> probationary period was imposed, to take effect upon the
> defendant's release from Concord.

4

17, Ex. 11, pp. 19-20); Phillips 668 N.E.2d at 361.  On the day
of the sentencing, petitioner filed the first of four motions to
revise or revoke the sentence under Rule 29, Mass. R. Crim. P.
("Rule 29").[5]  (Docket Entry # 17, Ex. 1, pp. 5-7).

While incarcerated, petitioner "solicited a 'hit man' to
murder his second wife in exchange for the anticipated proceeds
from the sale of her house following her death."  Phillips 668
N.E.2d at 362.  The "hit man" was in fact an "undercover State
police officer."  Id.  As a result, on April 6, 1994, an
Associate Justice of Massachusetts Superior Court (Worcester
County) found petitioner guilty of common law solicitation under
Massachusetts General Laws chapter 279, section five.  On April
19, 1994, the Associate Justice sentenced petitioner to two and a
half years confinement in the House of Correction in the County
of Worcester "to take effect from and after the expiration of any
sentence now being served."  (Docket Entry # 19, App. 13).

The Commonwealth thereafter initiated probation revocation

---

Commonwealth v. Phillips, 668 N.E.2d at 361.  On appeal from a
denial of a motion for release from unlawful confinement, the
appeals court similarly described the 1992 suspended sentences as
"suspended for nine years after the defendant's release from his
Concord sentence."  (Docket Entry # 19, App. 15).  Likewise, the
motion judge described the original sentence for offense 92316 as
"begin[ning] upon [petitioner's] release from the sentence
imposed on 92315."  (Docket Entry # 17, Ex. 12, p. 38).

[5]  See footnote eight.

5

proceedings in the trial court.[6]  In December 1994, an Associate

Justice reported the following question to the appeals court:

"'May a defendant be subjected to a probation revocation based

upon criminal conduct occurring after the imposition of the

sentence to probation but before the commencement of the

probationary period?'"  Commonwealth v. Phillips, 668 N.E.2d at

361.  Surveying federal and state law at the time in a

comprehensive opinion, the appeals court answered the question

affirmatively and remanded the matter to the trial court.[7]

Commonwealth v. Phillips, 668 N.E.2d at 361-363.

---

[6]  In response to the reported question, the appeals court
noted that petitioner signed an agreement on the day of the
sentencing setting out conditions of the probation including the
"requirement that he 'obey local, state or federal laws.'"
Phillips 668 N.E.2d at 361-362.

[7]  In this petition, petitioner argues that a 2009
Massachusetts case, Commonwealth v. Ruiz, 903 N.E.2d 201 (Mass.
2009), constitutes newly discovered evidence that warrants
reversal of the 1996 conviction.  (Docket Entry # 1, p. 11).  The
Ruiz court reversed the lower court's revocation of probation on
the due process ground that, "the defendant did not receive clear
notice that the condition of probation prohibiting contact with
the victim was in effect while he was incarcerated."  Id. at 210.
The court distinguished the cases which, similar to the case at
bar, involved revocation based on "conduct that violated the
criminal laws" because "[a] defendant, like all members of
society, is on notice that he may not violate the criminal law at
any time."  Id. at 209-210.
     Petitioner raised a similar argument to the appeals court.
The appeals court rejected the argument because a subsequent case
"is not newly discovered evidence" and, relying on Teague v.
Lane, 489 U.S. 288, 300-301 (1989), petitioner "is not entitled
to the benefit of the new rule of criminal law."  (Docket Entry #
19, App. 5).  The First Circuit likewise rejected a similar
argument raised in the second COA application pursuant to section
2244(b)(2).  (Docket Entry # 17, Ex. 6, App. 32 & 48-49).

6

On September 9, 1996, the Massachusetts Office of the
Commissioner of Probation filed a notice of surrender. (Docket
Entry # 17, Ex. 1, p. 6). The motion judge conducted the
probation revocation hearing on the same day.

At the hearing, she revoked petitioner's probation "on the
basis of his being found guilty" of the common law solicitation
charge in Massachusetts Superior Court (Worcester County).
(Docket Entry # 17, Ex. 12, p. 35). Reviewing relevant portions
of the record, the motion judge interpreted the sentence on
offense 92316 "as meaning [it] is to begin upon [petitioner's]
release from the sentence imposed on 92315." (Docket Entry # 17,
Ex. 12, pp. 37-38). She also explained that she had "no
discretion on the sentence," could "not increase the original
sentence" and had "to impose the sentence that was imposed" on
August 24, 1992. Accordingly, she revoked the suspended sentence
and committed petitioner to nine to ten years at MCI-Cedar
Junction to be served after completion of the 20 year sentence.
The Clerk then read the following probation violation findings
and the imposition of the original sentences to petitioner in
open court:

> THE CLERK: Mr Phillips, sir, this Court has found you in
> violation of terms of your conditions of probation on 92316
> and orders that the sentence originally imposed on 8-24-92
> be imposed, that is, not less than 9, not more than 10 years
> at the Massachusetts Correctional Institution at Cedar
> Junction, that sentence to run upon your release from the
> sentence imposed on 92315. That is from and after.

> On Docket No. 92317, and 92318, the court having . . . found
> you in violation of your terms and conditions of your
> probation orders those sentences be imposed, that is 9 to 10
> at the Massachusetts Correctional Institution at Cedar
> Junction, those sentences to run concurrent with Docket
> 92316 and from and after the sentence on Docket 92315.

(Docket Entry # 17, Ex. 12, pp. 41-42). Mittimuses issued on the same day for offenses 92316, 92317 and 92318.[8] (Docket Entry # 19, App. 14).

On October 4, 1996, petitioner filed a notice of appeal of the sentence to the Appellate Division of the Superior Court ("ADSC").[9] (Docket Entry # 17, Ex. 1, p. 6). The ADSC dismissed the appeal on August 1, 1998. (Docket Entry # 17, Ex. 1, p. 6). A few days later, petitioner filed a motion to suspend the balance of the sentence. (Docket Entry # 17, Ex. 1, p. 6). On September 2, 1998, the trial court denied the motion. (Docket Entry # 17, Ex. 1, p. 6).

On July 25, 2001, petitioner filed a motion for a new trial under Rule 30, Mass. R. Crim. P. ("Rule 30 motion"), challenging the 1992 guilty plea as deficient due to a failure to inform him of the elements of assault with intent to rape. Commonwealth v.

---

[8] Petitioner points out and the docket reflects that a mittimus issued only for offense 92315 at the time of the original sentencing. (Docket Entry # 17, Ex. 1, p. 5; Docket Entry # 19, App. 2).

[9] On October 23, 1996, petitioner filed a second Rule 29 motion to revise or revoke the sentence. He filed a third Rule 29 motion on August 10, 1996, and a fourth on July 28, 2003, which was docketed on September 21, 2004. (Docket Entry # 17, Ex. 1, pp. 6-7).

<u>Phillips</u>, 785 N.E.2d 428, 428 (Mass.App.Ct. 2003); (Docket Entry
# 17, Ex. 1, p. 7; Docket Entry # 19, App. 11).  The trial court
denied the motion and petitioner appealed.  (Docket Entry # 17,
Ex. 1, p. 7).  On March 26, 2003, the appeals court affirmed the
denial and found that petitioner "understood the charges to which
he pled."  <u>Commonwealth v. Phillips</u>, 785 N.E.2d 428, 428
(Mass.App.Ct. 2003); (Docket Entry # 17, Ex. 1, p. 7; Docket
Entry # 19, App. 11).  On June 5, 2003, the Massachusetts Supreme
Judicial Court ("SJC") denied an application for leave to obtain
further appellate review ("ALOFAR").  <u>Commonwealth v. Phillips</u>,
790 N.E.2d 1090 (Mass. 2003).

On April 26, 2005, petitioner filed a second Rule 30 motion
again seeking to withdraw his guilty plea.  (Docket Entry # 17,
Ex. 1, p. 7).  The trial court denied the motion and petitioner
filed a notice of appeal.  On January 11, 2006, the appeals court
found no reason to reconsider the March 26, 2003 decision and
affirmed the trial court's denial of the second motion for a new
trial.  <u>Commonwealth v. Phillips</u>, 840 N.E.2d 561, 561
(Mass.App.Ct. 2006); (Docket Entry # 19, App. 12).  Petitioner
filed a second ALOFAR which the SJC denied on March 1, 2006.
<u>Commonwealth v. Phillips</u>, 843 N.E.2d 638 (Mass. 2006).

On February 15, 2008, petitioner filed a motion for release
from unlawful restraint or, in the alternative, a motion for a
new trial.  The trial court denied the motion the same day.

Petitioner filed a motion for reconsideration on March 6, 2008, which the trial court denied on March 12, 2008. On June 11, 2008, petitioner filed a motion seeking to extend the time to file a notice of appeal. The trial court denied the motion (Docket Entry # 17, Ex. 1, p. 8) and the appeals court affirmed the denial. Commonwealth v. Phillips, 903 N.E.2d 606 (Mass.App.Ct. 2009). The SJC denied an ALOFAR seeking further appellate court review. Commonwealth v. Phillips, 908 N.E.2d 388 (Mass. 2009).

On November 23, 2009, petitioner filed a second motion for release from unlawful restraint. (Docket Entry # 17, Ex. 1, p. 9). An Associate Justice of the trial court, who was not the trial judge or the motion judge, summarily denied the motion without a hearing "for the reason that many similar motions have been denied." (Docket Entry # 17, Ex. 1, p. 9). In an appellate brief to the appeals court ("the appellate brief"), petitioner raised the same 12 grounds he raised in the second COA application. Indeed, with respect to each of the 12 grounds in the second COA application, petitioner simply refers to the applicable page numbers in the appellate brief as stating the ground and the supporting facts. The 12 grounds are also the same as those brought in this petition.[10] The grounds in the appellate brief, and therefore also in the second COA

---

[10] See footnotes 12 to 23.

application, are as follows:

1.  Whether the motion Court[11] was biased to commit an abuse of discretion by failing to exercise its sworn judicial duty to make findings of fact and rulings of law which may hamper appellate review of the defendant's claims?[12]

2.  Whether, under the Equal Protection and Due Process Clauses of the 14th Amendment the motion Court was prejudiced against the defendant when it failed to perform its duty to provide relief under [Rule 30(a)] for the defendant who is incarcerated in violation of Federal and State Laws?[13]

3.  Whether the motion Court, who displayed severe bias, with a sarcastic denouement of denial was bound by Commonwealth v. Zinser, 446 Mass. 807 (2006), which is Supreme Judicial Court law, to address Federal Law?[14]

4.  Whether the motion Court perpetrated an abuse of discretion when presented with newly discovered evidence which met the 5-prong standards prerequisite to opening up the case for reversal of conviction and failed to rule on

---

[11]  "[T]he motion Court" refers to the Associate Justice that summarily denied the November 2009 motion for release from unlawful restraint.

[12]  Ground one in this petition presents the same ground. It asks, "Whether the motion Court was biased to commit abuse of discretion by failing to exercise its sworn judicial duty to make findings of fact and rulings of law which may hamper appellate review?"  (Docket Entry # 1).

[13]  Ground two in this petition is a truncated version of the above ground.  It asks, "Whether, under the Equal Protection and Due Process Clauses of the 14th Amendment[,] the motion Court was prejudiced against the defendant when it failed to perform its duty?"  (Docket Entry # 1).

[14]  Ground three in this petition is a shortened version of the above ground for relief.  It asks, "Whether the motion Court, who displayed severe bias, with sarcastic denouement of denial was bound by Commonwealth v. Zinser[,] 446 Mass. 807 (2006)[,] to address Federal Law?"  (Docket Entry # 1).

the evidence?[15]

5.  Whether the motion Court abused its discretion when it failed to address the issue that defendant cannot receive a consecutive sentence for two (2) crimes which are based on the same evidence?[16]

6.  Whether the motion Court abused its discretion in violation of the Separation of Powers imbued in Article XXX of the Mass. Declaration Of Rights where the Legislative branch had no intention to impose "from and after" sentences on the same evidence test?[17]

7.  Whether the defendant was entitled, under the Equal Protection Clause to the similar remedy decreed by the Supreme Judicial Court in Commonwealth v. Ruiz, 453 Mass. 474 (2009)[,] based on a distinction without a difference doctrine?[18]

---

[15]  Petitioner bases this claim on the 2009 Ruiz decision. Like the previous claims, it is a slightly longer version of ground four in this petition.  Ground four asks, "Whether the Motion Court perpetrated an abuse of discretion when presented with newly discovered evidence which met the 5-prong standards prerequisite to opening up the case for reversal?"  (Docket Entry # 1).

[16]  Ground five in this petition presents the same ground for relief.  It asks, "Whether the Motion Court abused its discretion when it failed to address the issue that defendant cannot receive a consecutive sentence for two (2) crimes which are based on the same evidence?"  (Docket Entry # 1).

[17]  Ground six in this petition is identical to the above ground.  It asks, "Whether the motion Court abused its discretion in violation of the Separation of Powers imbued in Article XXX of the Mass. Declaration Of Rights where the Legislative branch had no intention to impose 'from and after' sentences on the same evidence test?"  (Docket Entry # 1).

[18]  Ground seven in this petition asks the identical question, to wit, "Whether the defendant was entitled, under the Equal Protection Clause to the similar remedy decreed by the Supreme Judicial Court in Commonwealth v. Ruiz, 453 Mass. 474 (2009)[,] based on a distinction without a difference doctrine?" (Docket Entry # 1).

8.  Whether the motion Court refused to make findings of fact and rulings of law because the Court did not wish to offend the Sentencing Judge, Cowin, currently sitting on the Supreme Judicial Court, who, in 1996 imposed an illegal sentence on the defendant?[19]

9.  Whether the Commonwealth agreed upon and has waived all the issues presented in the lower Court, which prohibits an appearance in the higher, error-correcting review Court?[20]

10.  Whether under the Stare Decisis of precedents of the Supreme Judicial Court and the United States Supreme Court, the Sentencing Court had no jurisdiction to sentence defendant to a "from and after" sentence based on the same evidence test and the matter cannot be waived pursuant to M.R.Crim.p. [sic] 30(c)(2)?[21]

11.  Whether the motion Court abused its discretion, where, in league with the Norfolk County District Attorney, pursuant to M.R.Civ.P. 60(b)(2) [and] (3), committed intrinsic and extrinsic fraud, misrepresentation, and judicial misconduct and has perpetrated the continued incarceration of the defendant in violation of Federal law?[22]

---

[19] The motion judge who conducted the September 10, 1996 hearing and revoked the probation, Honorable Judith A. Cowin, is presently an Associate Judge of the SJC.  Ground eight in this petition is the same as the above ground and asks, "Whether the motion Court refused to make findings of fact and rulings of law because the Court did not wish to offend the Sentencing Judge, Judith Cowin, currently sitting on the Supreme Judicial Court, who, in 1996, imposed an illegal sentence on the defendant?" (Docket Entry # 1).

[20] Ground nine in this petition asks the same question, to wit, "Whether the Commonwealth agreed upon and has waived all the issues presented in the lower Court, which prohibits an appearance in the higher, error-correcting review Court?" (Docket Entry # 1).

[21] Except for minor differences in capitalization, ground ten in this petition (Docket Entry # 1) is identical to the above ground.

[22] Ground 11 in this petition (Docket Entry # 1) is identical to the above ground.

> 12. Whether in the final analysis of all the deceitful
> conduct of both the Commonwealth attorneys and the Court(s)
> who intentionally ignored the Federal Law violations, based
> on their proclivity for bias, Federal Law must be addressed,
> ruled upon, and applied here under Article VI, Cl. 2 of the
> United States Constitution?[23]

(Docket Entry # 17, Ex. 6, App. 32-34).

On May 10, 2011, the appeals court affirmed the denial of the motion for release from unlawful restraint in a written opinion. On procedural grounds, the court denied relief under Rule 30(c)(2), Mass. R. Crim. P. (Docket Entry # 19, App. 5); Commonwealth v. Phillips, 2011 WL 1761537, *2 (Mass.App.Ct. May 10, 2011). The court explained that petitioner "has raised and had prior appellate review of the propriety under the applicable law of the imposition of his suspended sentence and his attempted withdrawal of his guilty pleas." Commonwealth v. Phillips, 2011 WL 1761537, at *2 (further noting this "case presents the rare instance where the claims already have been firmly settled"). There was also "no indication" that petitioner's "motion was not given proper consideration simply because he was pro se or because the judge who revoked his probation now sits on the Supreme Judicial Court." Id.

The appeals court also reviewed the merits. Commonwealth v. Phillips, 2011 WL 1761537, at *2 ("find[ing] it unnecessary to reach the merits of the claims" but "review[ing] each briefly").

---

[23] Ground 12 in this petition (Docket Entry # 1) is identical to the above ground.

As to the double jeopardy challenge to the imposition of consecutive sentences in ground five, the appeals court:

> reject[ed] the suggestion that the charges to which the defendant pleaded guilty were duplicative; the prosecutor clearly indicated that the charges were based on several separate incidents, though all were part of the same course of conduct. Furthermore, the defendant's consecutive sentences do not violate double jeopardy. The sentencing judge was entitled under G.L. c. 279, §§ 1 & 8A, to impose consecutive sentences, and the record reflects that the sentencing judge clearly stated that the three nine-to-ten-year sentences were to be suspended for nine years after the defendant's release from his Concord sentence.

Id.

Represented by counsel, petitioner filed an ALOFAR in the SJC. (Docket Entry # 19, App. 5, pp. 1-18). The SJC summarily denied further appellate court review on July 1, 2011. Commonwealth v. Phillips, 950 N.E.2d 439 (Mass. 2011).


FEDERAL COURT PROCEEDINGS

On March 13, 2006, petitioner filed the first federal habeas petition. It identifies the date of the conviction as August 24, 1992.[24] The petition challenged the conviction on the basis that petitioner was not adequately informed and did not understand the nature of the charges to which he pled guilty.

On January 24, 2007, the district court dismissed the petition as untimely under the one year grace period applicable

---

[24] The stated date of "8/24/91" is a typographical error because petitioner was not indicted until September 18, 1991.

to petitions filed prior to the AEDPA's April 24, 1996 effective date. (Docket Entry # 17, Ex. 6); <u>Phillips v. Spencer</u>, 477 F.Supp.2d 306 (D.Mass. 2007). After the district court denied petitioner's motion for a COA, petitioner sought relief in the First Circuit. (Docket Entry # 17, Ex. 3); (Docket Entry # 19, Ex. 6).

On March 20, 2008, the First Circuit denied the first COA application on the merits because petitioner did not make "a substantial showing of the denial of a constitutional right." (Docket Entry # 17, Ex. 6); <u>see</u> 28 U.S.C. § 2253(c)(2). Specifically, the First Circuit "decline[d] to reach the procedural issues presented here because it [was] clear that no jurists of reason would find it debatable that the petition fails to state a valid, underlying constitutional claim." (Docket Entry # 19, Ex. 6). Finding that the transcript of the plea hearing on August 24, 1992, "show[ed] that petitioner admitted any unexplained elements of the crimes to which he pled guilty, in accordance with federal constitutional requirements," the First Circuit denied the requested COA under section 2253(c)(2).

On September 23, 2010, petitioner filed the second COA application in the First Circuit. As previously indicated, petitioner identified September 9, 1996, as the date of the conviction under attack and the motion judge as the "Sentencing Judge." (Docket Entry # 26, Ex. 1, p. 3). The 12 grounds are

the same as those raised in the appellate brief in the appeal of the denial of the November 23, 2009 motion for release from unlawful restraint.

On October 12, 2010, the First Circuit determined that the second COA application was a second or successive petition under section 2244(b)(2). The ruling reads as follows:

> Joseph A. Phillips has applied for permission [to] file a second or successive habeas petition under 28 U.S.C. § 2254. The claims petitioner wishes to raise in such petition, however, involve neither (1) new rules of constitutional law made retroactive to cases on collateral review by the United States Supreme Court nor (2) new facts that would establish petitioner's innocence of the underlying offenses. See 28 U.S.C. § 2244(b)(2). Petitioner therefore has failed to satisfy the applicable statutory requirements, and the requested permission therefore is denied.

(Docket Entry # 17, Ex. 5).

Undeterred, petitioner filed this petition shortly thereafter on November 5, 2010. The first page of the petition identifies August 24, 1992, as the date of the judgment of conviction under attack[25] and September 9, 1996, as the date of the sentencing. (Docket Entry # 1, p. 1). As explained above, the 12 grounds are the same grounds raised in the second COA application and in the appellate brief appealing the denial of the November 23, 2009 motion for release from unlawful

---

[25] Like the stated date of "8/24/91" in the first federal habeas petition, the stated date of "8/24/91" is again a typographical error.

restraint.[26]

On December 22, 2010, the district judge dismissed this petition as a second or successive petition because petitioner did not comply with section 2244(b)(3)(A). (Docket Entry # 5). Section 2244(b)(3)(A) states that, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner sought reconsideration on the basis that he was challenging his continued incarceration past the date he completed serving his 20 year sentence on September 27, 2010. According to petitioner, he could not have discovered the factual predicate for the claims because "he did not know the State would treat his 9-10 year concurrent sentence as a 'consecutive sentence,' in violation of Federal Law."[27] (Docket Entry # 7).

---

[26] See footnotes 12 to 23.

[27] The lack of knowledge argument is not convincing. Petitioner acknowledged the consecutive nature of the sentences in an affidavit filed in the trial court on October 23, 1996. (Docket Entry # 17, Ex. 1, p. 6). Therein, petitioner attests that:

I am presently incarcerated at the maximum security prison at MCI-Cedar Junction and serving a sentence structure of 20 years a Reformatory Sentence to MCI-Concord, with a 9 to 10 year sentence imposed on September 10, 1996 to be served *from and after* completion of the 20 year sentence, the sentences were aggregated under the Henschel v. Supt., 368 Mass. 130 (1975) decision, (See Mittimus); [Also see

18

On April 11, 2011, the court allowed the motion for reconsideration filed by petitioner. (Docket Entry # 8). Not having the benefit of a complete record, the court explained:

> It is unclear from the motion whether Phillips is challenging the execution of his sentences or the sentences themselves. If the sentences were imposed consecutively at the time of the sentencing, the present petition is still barred by the limitations on second and successive petitions. To challenge the sentence(s) through a § 2254 petition, Phillips must first seek and obtain permission from the First Circuit Court of Appeals to file the petition, even if he could have not discovered the factual predicate for his claim at an earlier time. See 28 U.S.C. § 2244(b)(3)(A).
>
> If, however, Phillips is challenging the execution of his sentence rather than the validity of the sentence, the present petition is not a "second or successive" petition. See Restucci v. Bender, 599 F.3d 8, 10 ([1st Cir.] 2010) (where petitioner previously brought a petition challenging conviction, subsequent petition concerning denial of parole was not a "second or successive" petition); see also James v. Walsh, 308 F.3d 162, 168 (2nd Cir. 2002) (petition alleging miscalculation of conditional prison release date was not "second or successive").

(Docket Entry # 8).

In August 2011, respondent filed the motion to dismiss. (Docket Entry # 17). Quoting the transcript of the change of plea hearing, petitioner submits that the nine to ten year sentences for offenses 92316, 92317 and 92318 were not consecutive to the 20 year sentence for offense 92315. Rather, the trial judge intended to impose concurrent sentences because

---

Memorandum of Law J].

(Docket Entry # 17, Ex. 7) (brackets and punctuation in original) (emphasis added).

he did not include the words "from and after," according to

petitioner.[28]  (Docket Entry # 19).  Petitioner also reasons that

he could not have challenged the consecutive sentences in the

first habeas petition because they had not commenced and did not

become effective until he completed serving the 20 year sentence

on October 26, 2010.  (Docket Entry # 19).  To support the

argument, petitioner points out that the only mittimus issued in

conjunction with the August 24, 1992 change of plea hearing was

the mittimus for offense 92315.  (Docket Entry # 19).


## DISCUSSION

Four reasons support a dismissal of the petition.  First and

foremost, this court lacks jurisdiction to consider the petition

because it constitutes a second or successive petition under

section 2244(b)(3)(A).  See Gautier v. Wall, 620 F.3d 58, 61 (1st

Cir. 2010) ("district court lacked jurisdiction to consider

Gautier's second or successive petition without our

authorization") (citing Burton v. Stewart, 549 U.S. 147 152

(2007), and section 2244(b)(3)(A)).  Section 2244(b)(3)(A)

requires an applicant to file the COA in the court of appeals and

obtain an order authorizing the district court to consider the

---

[28]  Extending this premise, the motion judge therefore
improperly increased the August 24, 1992 sentence by imposing a
consecutive "from & after" sentence, according to petitioner.
(Docket Entry # 19).

application before filing the application in the district court. 28 U.S.C. § 2244(b)(3)(A); see Gautier v. Wall, 620 F.3d at 59 & 61. Here, before petitioner filed this petition, he filed the second COA application in the First Circuit raising the same claims but did *not* obtain permission to file it in the district court.

Second, section 2244(b)(1) mandates that, "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Section 2241(b)(1) therefore requires dismissing the same 12 claims in this petition because petitioner presented them to the First Circuit in the second COA application. See In re Brown, 457 F.3d 392, 395 (5th Cir. 2006) (requiring dismissal of a claim pursuant to section 2244(b)(1) "because Brown previously raised this supposed confrontation clause violation in his motion for certificate of appealability (COA), which was denied by this Court"); see generally Libby v. Magnusson, 177 F.3d 43, 49 (1st Cir. 1999).

Third, the petition is an attempt to avoid the limitations imposed on second or successive petitions by the AEDPA and ignores the First Circuit's decision denying the second COA application. See Rodwell v. Pepe, 324 F.3d 66, 72 (1st Cir. 2003). In Rodwell, the petitioner filed a motion under Rule 60(b), Fed. R. Civ. P. ("Rule 60(b)"), after the district court

dismissed his section 2254 petition.  Id. at 67 & 73.  The Rule
60(b) motion challenged the same underlying conviction.  Id. at
67.  The First Circuit in Rodwell rejected the attempt because it
"seeks to accomplish an end run around the strict limitations
that the AEDPA imposes upon the filing of second or successive
habeas petitions" and "runs afoul of the law of the case
doctrine."  Id.

Here too, petitioner attempts to make an end run around the
limitations placed on second or successive habeas petitions by
the AEDPA.  The second COA application raised the same 12 claims
in this petition.  The First Circuit dismissed the application
under section 2244(b)(2).  In fact, even though the second COA
application identified September 9, 1996, as the date of the
judgment of conviction, the First Circuit considered the
application a second and successive petition to the first federal
habeas petition which identified the date of the judgment of
conviction as August 24, 1992.

Fourth, the petition is properly characterized as a second
or successive petition to the first federal habeas petition.  A
claim challenging a denial of parole, as opposed to the
underlying conviction, is not a second or successive petition "if
the prisoner did not have an opportunity to challenge the state's
conduct in a prior § 2254 petition."  Restucci v. Bender, 599
F.3d at 10; see also James v. Walsh, 308 F.3d at 165 & 167-168

(challenge to state sentence because of failure to apply credit for time served on subsequently imposed state sentence that ran concurrently with the original sentence was not a second or successive petition as to "claims that could not have been raised in a prisoner's earlier habeas petition")

Here, the converse is true. Thus, assuming the equivalence of the denial of parole in Restucci to the revocation of probation, petitioner had ample opportunity to file a timely section 2254 challenge to the revocation of probation and the imposition of the original sentences for offenses 92316, 92317 and 92318.[29] The revocation took place on September 9, 1996. The AEDPA affords petitioners whose convictions became final before the statute's April 24, 1996 effective date a one year grace period. See Allen v. Siebert, 552 U.S. 3, 4 (2007) ("[b]ecause Siebert's direct appeal became final before AEDPA became effective, the 1-year limitations period began to run from April 24, 1996, AEDPA's effective date"); Cordle v. Guarino, 428 F.3d 46, 48 (1st Cir. 2005) (petitioners convicted before enactment of AEDPA "'can file their petitions within one year of

---

[29] As previously indicated, the 12 claims in the petition do not challenge the denial of parole due to an unconstitutional conviction for common law solicitation. Rather, a number of the claims challenge the September 10, 1996 decisions by the motion judge to vacate the suspended sentences and invoke the original sentences for offenses 92316, 92317 and 92318. Another claim in the petition challenges the August 24, 1992 convictions as based on the same evidence and therefore duplicative.

AEDPA's effective date'").  At a minimum, petitioner had until
April 24, 1997, to file a petition challenging the revocation of
probation and the imposition of the three original, suspended
sentences.  During the seven month interim between the September
1996 decision and April 24, 1997, petitioner could have filed a
Rule 30 motion raising the claims he brought in the November 23,
2009 second motion for release from unlawful restraint.  The
AEDPA tolls the time period during the pendency of such a
properly filed motion.  28 U.S.C. § 2244(d)(2).  With a seven
month leeway, if petitioner acted promptly after a denial of an
ALOFAR, he could have filed a timely section 2254 petition that
challenged the conduct of the motion judge and included the 12
claims in this petition and the claim in the first federal habeas
petition.

It is also significant that the convictions and sentences
for offenses 92315 through 92318 issued at the same time on
August 24, 1992.  There was no subsequent state court judgment of
conviction after the original convictions for offenses 92315
through 92318.  In contrast, if a petitioner files a section 2254
petition attacking an original judgment of conviction and
thereafter files a second section 2254 petition attacking a
second, intervening judgment, the second petition is not a second
or successive application.  See Magwood v. Patterson, __ U.S. __,
130 S.Ct. 2788, 2802 (2010) (where "there is a 'new judgment

24

intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all"). "[T]he existence of a new judgment is dispositive." Id. at 2800 (interpreting Burton v. Stewart, 549 U.S. 147 (2007)). In the case at bar, the motion judge did not impose new sentences. Rather, she imposed three of the original sentences.

As a final matter, petitioner's argument that he was not "in custody" on the three sentences until the 20 year MCI-Concord sentence expired on October 26, 2010, and the consecutive sentences commenced lacks merit. In order to bring a section 2254 petition, the petitioner must be "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3). Interpreting the "in custody" requirement, the Supreme Court in Peyton v. Rowe, 391 U.S. 54 (1968) ("Peyton"), however, "held that a defendant while serving the first of two consecutive sentences could attack the second." Desmond v. U.S. Board of Parole, 397 F.2d 386, 389 (1st Cir. 1968). Thus, under Peyton, a petitioner may challenge the "second of two convictions for which consecutive sentences were imposed, although he is still serving the term imposed for the first conviction." Randy Hertz and James Liebman Federal Habeas Practice and Procedure, Sixth Edition § 8.2[c], n.14 (2011) (parenthetical paraphrasing Peyton); see also Wilkinson v. Dotson, 544 U.S. 74, 85 (2005) (Scalia, J., concurring) ("when a

25

habeas petitioner challenges only one of several consecutive sentences, the court may invalidate the challenged sentence even though the prisoner remains in custody to serve the others") (citing <u>Peyton</u>, 391 U.S. at 67).  As a result, petitioner was "in custody" with respect to the consecutive sentences for offenses 92316, 92317 and 92318 throughout the time he was serving the first sentence for offense 92315.


CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[30] that the motion to dismiss (Docket Entry # 16) be **ALLOWED.**

> /s/   Marianne B. Bowler
> **MARIANNE B. BOWLER**
> United States Magistrate Judge

---

[30]  Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  <u>See</u> Rule 72(b), Fed. R. Civ. P.  Any party may respond to another party's objections within 14 days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.